IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, for
the use and benefit of
SUNSTATE EQUIPMENT CO., LLC,
an Arizona limited liability company,

        Plaintiff,

v.                                No. 1:14-cv-00091 GBW/SCY

MLEE Corp., a Texas corporation,
and LINDA GARRAHAN,

        Defendants.

## ORDER DENYING MOTION FOR SERVICE OF PROCESS BY PUBLICATION IN A NEWSPAPER

This matter is before the Court on Plaintiff's Motion for Service of Process by Publication. *Doc. 6.* Having reviewed Plaintiff's Motion, the Court finds that is it is not well founded and will be **DENIED**.

Plaintiff has filed a Motion requesting that the Court approve service of process upon Defendant Linda Garrahan by publication in a newspaper of general circulation. Plaintiff seeks alternative service on the basis that it has diligently sought to accomplish service by (1) personal service; (2) service by mail; and (3) has attempted to locate Defendant Garrahan via internet search. *Doc. 6* at 1. Plaintiff seeks publication in the Palm Beach Post, on the basis that Ms. Garrahan's last known address is 455 NW 9th St., Delray Beach, FL 33444.

Federal Rule of Civil Procedure 4(e) authorizes several procedures for effecting process on any competent adult individual found within the United States. The Rule provides that service may be effected in any manner specifically authorized by federal law for service, including: under the waiver of service provisions of Rule 4(d); by personally delivering the

summons and complaint to the individual being served; by leaving the summons and complaint at the individual's dwelling house or usual place of abode with a person of suitable age and discretion; or by delivering the summons and complaint by an agent appointed by the individual to receive service.

While Rule 4(e) does not specifically provide for service by publication, Section 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." New Mexico Rules of Civil Procedure 1-004(J) and (K) provide for service by publication. Service by publication is limited, however, to *in rem* or *quasi in rem* actions where the entity to be served is not located in New Mexico. *See Pope v. Lydick Roofing Co. of Albuquerque*, 472 P.2d 375, 377 (1970).

Here, Plaintiff seeks to recover monetary damages from Defendant Garrahan. *Doc. 1* at 4-5. His action is therefore an *in personam* action. Further, Plaintiff asserts that Defendant Garrahan is located in Florida. Therefore, service by publication in Florida is not effective against Defendant Garrahan under New Mexico law. *Pope*, 472 F.2d at 377; *see also* 1:00-cv-00668 LH/LFG *doc. 15* (denying plaintiff's request for service by publication on an out of state resident in an *in personam* action). Plaintiff's motion is **DENIED.**

Under Federal Rule of Civil Procedure 4(m), service of the complaint and summons must be effected within 120 days after the complaint is filed, unless Plaintiff can demonstrate good cause that that this deadline should be extended. Here, Plaintiff's action was filed on January 31, 2014. Plaintiff was therefore required to serve Defendant Garrahan by June 2, 2014[1]. Nevertheless, based on Plaintiff's motion, the Court finds that Plaintiff has made diligent efforts

---

[1] 120 calendar days after January 31, 2014 is Saturday, May 31, 2014. The next business day would be June 2, 2014.

to effect service on Defendant Garrahan.  In light of these efforts, the Court will grant Plaintiff an additional sixty (60) days from the date of the filing of this order to effect service on Defendant Garrahan and provide proof of such service to the Court.  After that time has elapsed, failure to serve Defendant Garrahan and provide the Court with evidence of service will result in a dismissal of Plaintiff's claims against Defendant Garrahan without prejudice.

    /s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE